Rule 206. Costs; Proceedings in Forma Pauperis

\*\*\*

      Official Note:

\*\*\*

      For special provisions governing actions pursuant to the Protection From Abuse Act, *see* Sections 6106(b) and (c) of the Domestic Relations Code, 23 Pa.C.S. §§ 6106(b) and (c). For special provisions governing actions seeking relief **[from] <u>for victims of</u>** sexual violence or intimidation, *see* 42 Pa.C.S. §§ 62A01-62A20.

\*\*\*

**[EMERGENCY RELIEF FROM ABUSE, SEXUAL VIOLENCE OR INTIMIDATION]**
**ACTIONS FOR EMERGENCY PROTECTIVE RELIEF**

Rule 1201. Applicability

The rules in this chapter apply to the exercise by a hearing officer of jurisdiction under**:**

**(1)** Section 6110 of the Protection From Abuse Act, 23 Pa.C.S. § 6110, **granting emergency relief from abuse,** and

**(2)** Section 62A09 of Title 42, 42 Pa.C.S. § 62A09, **[to grant] granting** emergency relief **[from abuse,] in connection with claims of** sexual violence or intimidation.

Official Note: *See* the Protection From Abuse Act set forth in the Domestic Relations Code, 23 Pa.C.S. §§ 6101-6122, and 42 Pa.C.S. §§ 62A01-62A20.

The court of common pleas of each judicial district is responsible to ensure that a judge or magisterial district judge "is available on a 24-hour-a-day, 365-day-a-year basis to accept and decide on petitions for an emergency court order under" the Older Adult Protective Services Act. 35 P.S. § 10225.307. Actions commenced under the Older Adult Protective Services Act are governed by statute and local procedures, not by these rules.

This chapter was amended in 2015 to provide procedural rules for protective orders sought for victims of sexual violence or intimidation. *See* 42 Pa.C.S. §§ 62A01-62A20.

Rule 1205. Persons Who May Seek Emergency Relief

**A.** **In actions brought pursuant to Section 6110 of the Protection From Abuse Act, 23 Pa.C.S. § 6110,** [An] **an** adult or an emancipated minor may seek emergency relief from abuse**[, sexual violence or intimidation]** for himself or herself. Also, any parent, adult household member or guardian ad litem may seek emergency relief from abuse**[, sexual violence or intimidation]** on behalf of minor children. In addition, a guardian of the person of an incapacitated person as defined in 20 Pa.C.S. § 5501 may seek emergency relief on behalf of the incapacitated person.

**B.** **In actions brought pursuant to Section 62A09 of Title 42, 42 Pa.C.S. § 62A09 (providing for protection in connection with claims of sexual violence and intimidation), an adult or emancipated minor may seek emergency relief for himself or herself. Also, any parent, adult household member or guardian ad litem may seek emergency relief on behalf of a minor child. In addition, a guardian of the person of an incapacitated person as defined in 20 Pa.C.S. § 5501 may seek emergency relief on behalf of the incapacitated person.**

Official Note: This rule is derived from Section 6106 of the Protection From Abuse Act, 23 Pa.C.S. § 6106, as well as 42 Pa.C.S. § 62A05.

Rule 1206. Commencement of Proceedings

     A.     A proceeding for emergency relief

          **(1)**     from abuse, **or**

          **(2)**     **in connection with claims of** sexual violence or intimidation

shall be commenced by the filing of a petition by the plaintiff with the hearing officer on a form **[which] that** shall be prescribed by the State Court Administrator. The petition shall be signed by the plaintiff and shall set forth the names and addresses of the plaintiff and the defendant and the names, addresses and ages of any person on whose behalf the plaintiff is seeking relief. The plaintiff shall also allege in the petition, in general terms, the cause for seeking emergency relief **[from abuse, sexual violence or intimidation]**.

     B.     Upon issuance of an emergency order, the hearing officer shall provide the plaintiff with instructions regarding the commencement of proceedings in the court of common pleas and regarding the procedures for initiating a contempt charge should the defendant violate the emergency order. The hearing officer shall also advise the plaintiff of the existence of rape crisis centers in the county or in nearby counties in the case of sexual violence, as well as programs for victims of domestic or sexual violence in the county or in nearby counties and inform the plaintiff of the availability of legal assistance without cost if the plaintiff is unable to pay therefor.

     C.     The petition shall be filed and service shall be made without prepayment of costs.

     Official Note: **[Subdivision] Paragraph** B is added to assure compliance with the requirement of Section 6110(d) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(d), as well as 42 Pa.C.S. § 62A09(d). Practice varies among the judicial districts as to what procedures the plaintiff must follow to continue in effect a protection order in the court of common pleas upon the certification of an emergency protection order to the court of common pleas. The hearing officer should provide clear instructions to the plaintiff as to what must be done to continue in effect the protection order in the court of common pleas. *See* Rule 1210 and Note and Rule 1211 and Note. **[Subdivision] Paragraph** C is derived from Section 6106(b) of the **Protection From Abuse** Act, 23 Pa.C.S. § 6106(b), as well as 42 Pa.C.S. § 62A05(b) and reflects the practice when a temporary order is issued at the common pleas level.

Rule 1208. Findings and Protection Orders

A. **(1)** If the hearing officer, upon good cause shown, finds it necessary to protect the plaintiff**[,] or** minor children**[, or victim]** from abuse**[, sexual violence or intimidation,]** the hearing officer may grant relief in accordance with Section 6110(a) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(a)**[ or 42 Pa.C.S. § 62A09(a)]**, and make any protection orders necessary to effectuate that relief. Immediate and present danger of abuse**[, sexual violence or intimidation]** to the plaintiff**[,] or** minor children**[, or victim]** shall constitute good cause.

**(2)** **If the hearing officer, upon good cause shown, finds it necessary to protect the plaintiff or another individual in connection with claims of sexual violence or intimidation, the hearing officer may grant relief in accordance with 42 Pa.C.S. § 62A09(a), and make any protection orders necessary to effectuate that relief. Immediate and present danger posed by the defendant to the plaintiff or another individual shall constitute good cause.**

B. The hearing officer shall enter on the petition form the findings and any protection orders made or other action taken.

Official Note: **[Subdivision] Subparagraph** A**(1)** of this rule **[is derived from Section 6110(a) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(a), which]** permits the hearing officer to grant limited relief in accordance with 23 Pa.C.S. § 6108(a)(1), (2) and (6) or (1) and (6)**[ (relating to relief), as well as]. Subparagraph A(2) of this rule permits the hearing officer to grant limited relief to plaintiffs in accordance with** 42 Pa.C.S. § 62A07(b).